IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


GUSTAVO McKENZIE,

        Plaintiff,               CV F 04 5903 AWI WMW P

        vs.                   ORDER DISMISSING COMPLAINT
                                     WITH LEAVE TO AMEND

JEANNE WOODFORD, et al.,

        Defendants.


        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the February 23, 2006, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Sacramento, brings this civil rights action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at Corcoran State Prison.

        Plaintiff's sole claim in this complaint is that he was denied access to the law library, causing him to miss a deadline. Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds was treated as establishing "core requirements," such

1  that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a

2  constitutional claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Recent Supreme

3  Court precedent abolishes such approach, however, providing that all inmate claims for

4  interference with access to the court include "actual injury" as an element. Casey v. Lewis, 518

5  U.S.343 (1996).   To establish a Bounds violation, a prisoner must show that his prison's law

6  library

7  or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.

8  Casey, supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the

9  prisoner to discover grievances" or to "litigate effectively once in court."

10          The court finds the allegations in plaintiff's complaint vague and conclusory.

11  Specifically, plaintiff alleges that defendants' conduct was "oppressive, abusive, and an outright

12  denial of access to the courts." Plaintiff does not, however, specifically allege facts indicating

13  that he suffered actual injury within the meaning of Casey. The only conduct charged to

14  defendants is that they denied plaintiff's inmate grievances. In order to state a claim for relief,

15  plaintiff must allege facts indicating that the conduct of each named defendant caused him actual

16  injury as that term is described above. Plaintiff's allegations that he missed a deadline are

17  insufficient to state a claim for relief.

18          Plaintiff was advised of these deficiencies in the order dismissing the original

19  complaint with leave to amend.  Plaintiff has not cured the defects identified in the original

20  complaint.   The court therefore recommends dismissal of the claims made in the original

21  complaint with prejudice for failure to state a federal claim upon which the court could grant

22  relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice

23  of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

24          Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

25  failure to state a claim upon which relief can be granted.

26

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

The court finds the allegations in plaintiff's complaint vague and conclusory.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

1   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

2   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

3   there is some affirmative link or connection between a defendant's actions and the claimed

4   deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

5   1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

6           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

7   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

8   amended complaint be complete in itself without reference to any prior pleading.  This is

9   because, as a  general rule, an amended complaint supersedes the original complaint.  See <u>Loux</u>

10  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

11  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

12  original complaint, each claim and the involvement of each defendant must be sufficiently

13  alleged.

14          In accordance with the above, IT IS HEREBY ORDERED that:

15          1.  Plaintiff's complaint is dismissed; and

16          2.  Plaintiff is granted thirty days from the date of service of this order to file a

17  first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

18  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

19  docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

20  file an amended complaint in accordance with this order will result in a recommendation that this

21  action be dismissed.

22

23  IT IS SO ORDERED.

24  **Dated:    August 17, 2007**            _____/s/  William M. Wunderlich_____
                                             UNITED STATES MAGISTRATE JUDGE

25

26

                                             4