IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUSTAVO McKENZIE,

       Plaintiff,                        CV F 04 5903 AWI WMW P

  vs.                                 FINDINGS AND RECOMMENDATION

JEANNE WOODFORD, et al.,

       Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the February 23, 2006, first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Sacramento, brings this civil rights action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at Corcoran State Prison.

      Plaintiff's sole claim in this action is that he was denied access to the law library, causing him to miss a deadline.  Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under

prior law, <u>Bounds</u> was treated as establishing "core requirements", such that a prisoner alleging deprivations of the <u>Bounds</u> minima need not allege actual injury to state a constitutional claim. The Supreme Court has abolished that approach, however, providing that all inmate claims for interference with access to the courts include "actual injury" as an element. <u>Casey v. Lewis</u>, 518 U.S. 343 (1996). To establish a <u>Bounds</u> violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. <u>Casey</u>, 518 U.S. at 347. The right of access does not require the state to "enable the prisoner to discover grievances" or to "litigate effectively once in court."

In an order entered on August 17, 2007, the court found the allegations in the first amended complaint to be vague and conclusory. Specifically, Plaintiff alleged that Defendants' conduct was "oppressive, abusive, and an outright denial of access to the courts." Plaintiff did not, however, allege facts indicating that he suffered actual injury within the meaning of <u>Casey</u>. The only conduct charged to Defendants is that they denied Plaintiff's inmate grievances. Plaintiff was advised that in order to state a claim, he must allege facts indicating that the conduct of each Defendant caused him actual injury within the meaning of <u>Casey</u>. A simple allegation that a filing deadline was missed is insufficient to state a claim for relief. There is no specific reference to a nonfrivolous legal claim that Plaintiff was pursuing, nor are there any allegations that the claim was dismissed as a direct result of the conduct of a named Defendant.

On September 17, 2007, Plaintiff filed objections to the order of August 17, 2007. Plaintiff reiterates the claims of the first amended complaint. Specifically, Plaintiff states that "I explicitly set forth the facts of my injury, which was the result of the continuous denial of access to the court, and said injury was the denial of my state petition for writ of habeas corpus, and said denial order was thereby appended to my first amended complaint."

Attached as an exhibit to the first amended complaint (page 45) is a copy of a denial of Plaintiff's petition for writ of habeas corpus by the Supreme Court of California, filed on

1  September 29, 2004.  The petition was denied pursuant to Ex parte Dixon, 41 Cal.2d 756, 264
2  P.2d 513, 514-15 (1953).  In Ex parte Dixon, the California Supreme Court held that habeas
3  corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances
4  constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed
5  errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.
6  Essentially, the petition was denied due to a strategic error on Plaintiff's part, not as a result of
7  any conduct on behalf of the correctional defendants.

8       Plaintiff has been advised of the deficiencies in his complaint, and provided with an
9  opportunity to correct those deficiencies.  Plaintiff has not allege facts indicating that the conduct
10 of any of the Defendants caused him actual injury within the meaning of  Casey v. Lewis, 518
11 U.S. 343 (1996).

12       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure
13 to state a claim upon which relief could be granted.

14       These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty
16 days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19 shall be served and filed within ten days after service of the objections.  The parties are advised
20 that failure to file objections within the specified time waives all objections to the judge's
21 findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file
22 objections within the specified time may waive the right to appeal the District Court's order.
23 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24       IT IS SO ORDERED.

25 **Dated:    October 17, 2007**              /s/  William M. Wunderlich
                                    UNITED STATES MAGISTRATE JUDGE
26